BONILLA, PLAINTIFF AND APPELLEE, *v.* SANTIAGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2479.—Decided March 20, 1922.

ATTACHMENT—BOND—AUTHENTIC DOCUMENT—AFFIDAVIT.—In this case the notary endorsed the following on a promissory note: "Affidavit No. 852. I certify that on this day, July 21, 1919, Angel Santiago, resident of San Juan, manufacturer, widower, personally known to me, declared that he owes to Juan Bonilla the sum of five hundred dollars ($500) and interest thereon, which he set forth in this note on June 26, last; and Manuel Ledesma declared before me and witness Eleuterio Vázquez that he made this document by order of Angel Santiago. To which I attest in San Juan on July 21, 1919. (Signed) Carlos V. Urrutia, Notary Public." *Held:* That the declaration of the debtor is not the kind of affidavit referred to in section 3 of the Act of March 12, 1903, but an acknowledgment which converts the obligation into an authentic one and gives the creditor the right to an attachment without giving bond.

The facts are stated in the opinion.

*Mr. A. Lastra* for the appellee.

*Mr. J. Martínez Dávila* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

Juan Bonilla brought an action of debt against Angel Santiago and moved for an attachment against the property of the defendant to secure the effectiveness of the judgment. The motion was granted by the court without requiring the plaintiff to give a bond.

The document on which the action and the motion for an attachment are based reads as follows:

"I promise to pay to Juan Bonilla the sum of five hundred dollars within one year from the 26th of June, 1919, and the said

document is secured by a document similar to this of a property which I sold in the ward of Toa Alta. And so that it may appear I make this at San Juan on June 26, 1919. Interest will be paid on the said sum at the rate of one per cent. At the request of Angel Santiago I witness his mark.—Manuel Ledesma.—Witnesses: Enrique Alvarez.—Manuel Ledesma.

"Affidavit No. 852.—I certify that on this day, July 21, 1919, Angel Santiago, resident of San Juan, tradesman, widower, personally known to me, declared that he owes to Juan Bonilla the sum of five hundred dollars ($500) and interest thereon, which he set forth in this note on June 26, last; and Manuel Ledesma declared before me and witness Eleuterio Vázquez that he made this document by order of Angel Santiago. To which I attest in San Juan on July 21, 1919. (Signed) Carlos V. Urrutia, Notary Public.—An internal-revenue stamp for 25 cents canceled by the notary's seal."

The attachment having been levied, the defendant moved the court to dissolve it and the motion having been overruled, he took the present appeal.

In support of the appeal the appellant has not made the assignment of errors required by Rule 42 of this court and merely raises the question of law that a notary can not authenticate a document by setting forth what the persons who participated in the making of the document at some prior date declared before him, unless the statements are made according to law in affidavits signed by the persons making them.

According to the Act to secure the effectiveness of judgments, an attachment will be levied upon properties of the defendant without requiring the plaintiff to give bond, among other cases, when the private document on which the action is based has been acknowledged before a judge or notary by the person bound by it or his heirs; and according to section 15 of the Compilation of Revised Statutes and Codes of Porto Rico, "by affidavit or declaration of authenticity is meant the act and the document by means of which a notary or any other of the officers designated by this law certifies

to, or witnesses the truth or recognition of a signature, an oath, or any other fact or contract affecting real or personal property not made in a public instrument."

As the obligor in the promissory note acknowledged before a notary the fact that he owed to Bonilla the sum therein mentioned, this is sufficient to authenticate the promissory note in order to grant an attachment without requiring the plaintiff to give a bond.

Section 3 of the Act relative to affidavits, oaths and affirmations, or section 26 of the said Compilation, according to which "all affidavits provided by this act shall be in writing and signed by the party making the same," does not apply to this case in which the declaration is not an affidavit, but an acknowledgment by the debtor that he owes the sum of money expressed in the promissory note.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.